# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

HENRY RICHARD HARPER,

Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No. 319942
Kent Circuit Court
LC No. 12-006969-FC

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

MURRAY, J. (*concurring in part, dissenting in part*).

I concur with the majority's opinion in all respects except that pertaining to consecutive sentencing. For the reasons set forth below, I would hold that defendant's abuse of D.A. and D.H. did "aris[e] from the same transaction" within the meaning of MCL 750.520b(3), and accordingly, would affirm defendant's consecutive sentences.

MCL 750.520b(3) provides that a sentence for CSC-I can be served consecutive to any term of imprisonment imposed for any other crime "arising from the same transaction." Here, the transaction was defendant's singular scheme to get both boys to his home so he could abuse them, either individually or together. Defendant approached the victims' parents at the same time, requested that both boys work at his house, and his intent was to abuse both boys once they went to his house. Both crimes thus arise from the same transaction. In interpreting the relevant statutory language, the majority looks to *People v Ryan*, 295 Mich App 388, 400-401; 819 NW2d 55 (2012), for guidance on the meaning of that statute. However, the majority's interpretation of that case's temporary component is overly narrow. In that case, this Court concluded that the criminal acts of sexual conduct arose out of the same transaction where one "was immediately followed" by the other. *Id*. at 403. But immediacy is not the touchstone of whether offenses arise from the same transaction. Rather, the test is temporal continuity coupled with "a connective relationship that was more than incidental." *Id*. at 403. The question then is not exclusively how much time elapsed between related offenses, but whether temporal continuity exists between acts that are unified with a single intent to the same transaction. *People v Sturgis*, 427 Mich 392, 401; 397 NW2d 783 (1986). Indeed, in explaining the temporal component of the same-transaction test, this Court has noted that acts that are simultaneous are not necessarily continuous and that "mere temporal happenstance" is not enough. See *People v Jackson*, 153 Mich App 38, 46, 50; 394 NW2d 480 (1986).

-1-

Mindful of this, the fact that defendant's sexual abuse of the victims did not occur in rapid succession does not mean those acts did not "[grow] out of a continuous time sequence." *Ryan*, 295 Mich App at 402 (citation omitted). To the contrary, defendant asked the victims' mother at the same time for both boys' assistance, and in succession, each boy visited defendant's house and experienced the nearly identical abuse. This is significant, for it reveals that from the start, defendant's singular intention was to abuse both boys in a specific way. Moreover, the fact that defendant requested the second victim after he finished abusing the first shows that the abuse of both was part of a single, *continuous* plan. Like *Ryan*, "these two particular sexual [acts] sprang one from the other and had a connective relationship that was more than incidental." *Id*. at 403. The simple fact that the plan in this case unfolded over the course of a couple of days rather than a couple of seconds does not mean that the time sequence was not continuous. Rather, it merely shows that defendant's single goal required time to execute.

Accordingly, defendant's sentence was in accord with MCL 750.520b(3) and I would affirm in this respect.

/s/ Christopher M. Murray